ORDER
GRITT, JUDGE:
An application of the claimant, Luis Mendoza, for an award under the West Virginia Crime Victims Compensation Act, was filed May 18,2005. The report of the Claim Investigator, filed February 27, 2006, recommended that no award be granted, to which the claimant filed a response in disagreement. An Order was issued on March 31, 2006, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed April 7, 2006. This matter came on for hearing May 15, 2007, the claimant appearing in person and by counsel, Bridget M. Cohee, and the State of West Virginia by counsel, Ronald R. Brown, Assistant Attorney General.
On August 15, 2004, the 46-year-old claimant was the victim of criminally injurious conduct in Martinsburg, Berkeley County. The claimant was struck in the back of the head by a group of men who then stuck him with their vehicle while he was lying on the ground. As a result of this incident, the claimant suffered a compressed skull fracture.
This Court’s initial denial of an award was based on the Claim Investigator’s finding that the incident appeared to be a hit-and-run accident that did not fall within one of the four exceptions regarding the use of a motor vehicle. At the time of this incident, W.Va. Code § 14-2A-3(c) provided: “....Criminally injurious conduct does not include conduct arising out of the ownership, maintenance or use of a motor vehicle, except when the person engaging in the conduct intended to cause personal injury *220 or death, or except when the person engaging in the conduct committed negligent homicide, driving under the influence of alcohol, controlled substances or drugs, or reckless driving.”
The claimant testified through an interpreter at the hearing of this matter that on the evening in question, he went to Lobo’s Club and had several beers. Between 1:30 a.m. and 2:00 a.m. he left the club with Betsy Zamora, whom he had met at the bar. He stated that when they were walking to his house from his vehicle, a white vehicle pulled up on the street near him and several Hispanic men got out. One of the men struck him in the back of the head with an unknown object. Mr. Mendoza testified through the inteipreter that as he was lying on the ground he noticed the vehicle coming towards him and it struck him in the face. The claimant sustained a compressed skull fracture and a large cut on his head.
Patrolman R. R. Bleigh of the Martinsburg City Police testified that the incident occurred in front of the claimant’s residence at 306 Vi South Maple Avenue, Martinsburg, Berkeley County between 1:30 a.m. and 2:00 a.m. He responded to City Hospital in Martinsburg where Mr. Mendoza had been taken for treatment. Patrolman Bleigh and another investigating officer met with Mr. Mendoza on multiple occasions to discuss the matter. Patrolman Bleigh also testified that the woman with whom Mr. Mendoza had left the bar, Betsy Zamora, had been arrested multiple times along with her Hispanic boyfriend for armed robberies, drug offenses, and several other charges.
The Claim Investigator’s original finding was that this incident appeared to be a hit-and-run accident that did not fall within one of the four exceptions in the crime victims statute regarding the use of a motor vehicle as “criminally injurious conduct.” The original Order upheld the Claim Investigator’s finding, disallowing the claim. Thus it became the claimant’s burden to prove by a preponderance of the evidence that he was the innocent victim of a crime that fell within the statutory definition. The claimant testified through an inteipreter that he was struck in the back of the head by an unknown assailant and that he was then struck by the vehicle that the men had chiven. In light of the evidence put forth by the claimant, the Court is of the opinion that he has met his burden of proof. The evidence adduced at the hearing of the matter establishes that the claimant was an innocent victim of a crime when he was struck by a man with an unknown object and that this was the assault that led to the claimant’s injury.
The Court is constrained by the evidence to reverse its previous ruling.
Based on the foregoing, the Claim Investigator is hereby directed to prepare an economic loss analysis to ascertain the claimant’s unreimbursed allowable expenses relating to the incident for further review by this Court.